IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2091-BO

THOMAS SHANE MATHERLY,            )
                                  )
            Petitioner,            )
                                  )
     v.                            )      **ORDER**
                                  )
TRACY W. JOHNS,                    )
                                  )
            Respondent.            )

On May 20, 2010, Thomas Shane Matherly ("Matherly" or "petitioner") filed a petition for writ of habeas corpus [D.E. 1] under 28 U.S.C. § 2241 ("§ 2241"), challenging his present confinement under 18 U.S.C. § 4248 ("§ 4248"). On June 15, 2010, Tracy W. Johns ("Johns" or "respondent") filed a motion to dismiss [D.E. 4] and a supporting memorandum [D.E. 5]. On June 25, 2010, petitioner filed a response [D.E. 7].

The United States Court of Appeals for the Fourth Circuit's recent decision in Timms v. Johns, No. 10-6496, 2010 WL 4925395 (4th. Cir. Dec. 6, 2010), held that a person against whom a § 4248 commitment action has been initiated must exhaust all remedies within the § 4248 action prior to seeking a writ of habeas corpus under § 2241. The government initiated a § 4248 action against Matherly on November 22, 2006. See United States v. Matherly, No. 5:06-HC-2205-BR [D.E. 1]. The § 4248 action against Matherly was dismissed on September 7, 2007. Id. at [D.E. 24]. On November 26, 2007, however, the court ordered a stay of Matherly's release pending the government's appeal. Id. at [D.E. 34].

Matherly's § 4248 action was consolidated with, *inter alia*, <u>United States v. Comstock</u>, No. 07-7671 (4th Cir.) as lead case. <u>See</u> <u>United States v. Matherly</u>, No. 07-7673 (4th Cir.) [D.E. 8]. The consolidated cases have progressed through extensive appellate litigation. Specifically, the Supreme Court considered Matherly's § 4248 action, holding that the enactment of 18 U.S.C. § 4248 was a valid exercise of congressional authority under the Necessary and Proper Clause. <u>United States v. Comstock</u>, 130 S. Ct. 1949 (2010). Upon remand, the United States Court of Appeals for the Fourth Circuit held that the "clear and convincing evidence" standard by which the government must prove an individual is sexually dangerous in order to commit said individual under § 4248 does not violate the constitutional guarantee of due process. <u>United States v. Comstock</u>, Nos. 07-7671, 07-7672, 07-7673, 07-7674, 07-7675, 2010 WL 4925389 (4th. Cir. Dec. 6, 2010).

Matherly's § 4248 action is still within the jurisdiction of the United States Court of Appeals for the Fourth Circuit because mandate has not been issued. The time period in which Matherly may petition for writ of certiorari has not yet expired. Upon remand to the district court, Matherly may pursue other remedies such as seeking to address preserved claims which have not yet been resolved by this court or the appellate courts, or Matherly may seek the adjudication of the § 4248 commitment action itself through a statutorily prescribed evidentiary hearing. Therefore, Matherly has not exhausted all remedies within the § 4248 action.

Accordingly, the motion to dismiss [D.E. 4] is hereby ALLOWED, and the petition for writ of habeas corpus [D.E. 1] is hereby DISMISSED WITHOUT PREJUDICE. All other pending motions [D.E. 8, 10, 11, and 14] are hereby DENIED AS MOOT. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED. This 26 day of January 2011.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3